# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America,  )  | CASE NO. SACR 03-25 AHS |
|     Plaintiff,  ) | ORDER DENYING MOTION TO RECUSE |
|     v.  ) | |
| James David Bennett,  ) | |
|     Defendant.  ) | |
| _____) | |

On April 26, 2008,[1] defendant James David Bennett ("Bennett") filed a Motion to remove the assigned District Judge, the Honorable Alice Marie Stotler, Chief Judge. (Docket No. 419.) Pursuant to General Order 08-01 and Local Rule 72-5, the Motion was assigned to the undersigned for decision. (Referral of Motion to Disqualify Judge, May 2, 2007 (Docket No. 420).) Bennett premises his claim for relief on 18 U.S.C. § 144 and 455. The Motion is procedurally deficient under Section 144 and substantively deficient under both statutes. The Motion suffers from the same defects as Bennett's previous recusal

---

[1] Although the present motion was filed May 2, 2008, the Court assumes that Bennett is entitled to the "mail box" rule, and that he tendered the motion for mailing on the date he signed the pleading.

Motion. (See Docket No. 304.) It is also untimely. For the reason set forth below, the Court finds that the Motion is without merit, and denies the Motion.

I.      Background.

At the heart of Bennett's claim is the assertion that the lender under counts five, six, and seven of the charging indictment was in fact Long Beach City Mortgage, a non-federally-insured lender. (Motion, p. 1.) He contends that the Government was allowed to show that the lender was Flagstar Bank, a federally-insured institution. Bennett asserts that "with the help, support, and direct participation" of Chief Judge Stotler and "her court appointed attorney" for Bennet, the Assistant United States Attorneys ("AUSAs") assigned to the case corruptly influenced the Grand Jury and the trial jury. (Id.) In furtherance of this scheme, Chief Judge Stotler allegedly allowed one of the AUSAs to suborn perjury of a Flagstar witness at trial. (Id. at 4.) He also accuses Chief Judge Stotler of "indictment swapping" by substituting the "Trial Indictment" for the Second Superceding Indictment. (Id. at 3, 6.)

II.      Disqualification under Section 144.

Section 144 provides a mechanism for disqualification of a judge:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has <u>a personal bias or prejudice either against him or in favor of any adverse party</u>, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. <u>It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.</u>

28 U.S.C. § 144 (emphasis supplied).  For present purposes, "personal bias" means a bias derived from extra-judicial origins, as opposed to an opinion formed during the course of litigation.  <u>Craven v. Unites States</u>, 22 F.2d 605, 607 (1st Cir. 1927); <u>accord</u> <u>United States v. Carignan</u>, 600 F.2d 762, 763-64 (1979).  It is an "attitude toward [the challenging party] that is significantly different from and more particularized than the normal general feeling of society at large." <u>Mims v. Shapp</u>, 541 F.2d 415, 417 (10th Cir. 1977).  Contrary to a facial reading, Section 144 is not self-executing:  The Court must determine whether the affidavit of prejudice is legally sufficient.  <u>Underseas Engineering & Constr. Co. v. International Tel. & Tel. Corp.</u> 429 F.2d 543, 545 (9th Cir. 1970).

However, as a threshold matter, a key procedural defect bars any relief under Section 144.  Bennett has tendered no good faith certificate of counsel of record.  <u>Williams v. New York City Housing Authority</u>, 287 F.Supp. 2d 247, 249 (S.D. N.Y. 2003).  The certificate of counsel serves a preventative purpose to avoid the filing of frivolous affidavits.  As a *pro per* plaintiff, Bennett cannot make the certification, and while other remedies may be available to him, he is

barred from seeking relief under Section 144.[2] Id.; Robinson v. Gregory, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996).

However, this procedural defect does not work to Bennett's prejudice Bennett because he also seeks relief under 28 U.S.C. § 455.

III. Disqualification under Section 455.

A. Appearance of a Lack of Impartiality.

Section 455(a) provides a broad, fact-driven rule for disqualification: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The fact that a judge has made rulings adverse to a party, standing alone, is not a basis for disqualification. Liteky v. United States, 510 U.S. 540, 555 (1994).

Chief Judge Stotler's rulings during the trial related to Flagstar, including the form of verdict and indictment submitted to the jury, do not form a basis for recusal. Bennett's remedy for the substantive rulings which he cites on this Motion is in the Court of Appeals and not by way of disqualification. Id. Bennett's assertion that he now has new evidence that Long Beach City Mortgage made the loan does not change the result. (Motion, p. 5.)

---

[2]Arguably, the Motion is also barred as untimely. Bennett offers no basis for good cause to bring the Motion after the first ten days of the term. 28 U.S.C. § 144.

4

1  Beyond the broad-brush assertions in his memorandum and affidavit,
2  there is no support for Bennett's claims of a cabal to taint the Grand Jury and the
3  trial jury.  No facts are offered to support the claim that Chief Judge Stotler was
4  involved in any way, either directly or indirectly, in the Grand Jury proceedings.
5  There is no support for the claim that Chief Judge Stotler was involved in
6  allegedly suborning perjury of the Flagstar witness

7

8  In short, Bennett has not come forward with <u>facts</u> which would cause
9  a reasonable person to believe that Chief Judge Stotler is biased against him or
10 otherwise lacking impartiality.  Indeed, the fact that Chief Judge Stotler granted a
11 partial acquittal on Bennett's post-verdict motion would suggest just the opposite.
12 (Order Denying Part and Granting in Part Defendant's Motion for Judgement
13 Acquittal, May 24, 2006 (Docket No. 254).)

14

15  B. <u>Timeliness.</u>

16

17  Case law interpreting Sections 144 and 455 requires that any motion
18 be timely made.  <u>United States v Branco</u>, 798 F.2d 1302, 1304-05 (9th Cir. 1986);
19 <u>United States v. Conforte</u>, 624 F.2d 869, 879 (9th Cir.), <u>cert. denied</u>, 449 U.S. 1012
20 (1980); <u>accord</u> <u>United States v. Brinkworth</u>, 68 F.3d 633, 639 (2d Cir. 1995).
21 <u>Intradistrict Change of Venue.</u>

22

23  The events which Bennett cites are more than three years old.  The
24 trial took place in the fall of 2004.  At the time, he was necessarily aware of his
25 contention that Long Beach City Mortgage was the true lender.  He offers no
26 reason for his delay.  That he recently discovered new evidence that supports his
27 contention is irrelevant because he was always believed that Long Beach City
28

Mortgage had been the lender.  As evidenced by his earlier recusal motion, he is plainly aware the avenues for relief.  Apart from the substantive and procedural defects noted above, the Motion is untimely.

IV     Conclusion.

Bennett's Motion to disqualify Chief Judge Stotler is denied.

Dated: May 7, 2008

_____
James V. Selna
United States District Judge