**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>JAMES DAVIS BENNETT,<br><br>　　　　Defendant(s).<br>_____ | CASE NO. SACR 03-0025 (B) AHS<br><br>**O R D E R** DENYING MOTION FOR SELF - DISQUALIFICATION OF JUDGE JAMES V. SELNA |

　　Defendant James Davis Bennett ("Defendant") moves to disqualify Judge James V. Selna ("Judge Selna") under 28 U.S.C. § 455(a), which provides: Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. Disqualification is required under section 445(a) only where "an objective, knowledgeable member of the public would find . . . a reasonable basis for doubting the judge's impartiality." *In re Boston's Children First*, 244 F.3d 164, 167 (1st Cir. 2001). Such a finding must be supported by a factual basis. *Id.*

　　Defendant was tried before Chief Judge Alicemarie H. Stotler ("Chief Judge Stotler") and

subsequently sentenced by Chief Judge Stotler.  At sentencing Defendant objected that he had been convicted under an indictment that was never presented to a Grand Jury.  Chief Judge Stotler proceeded to sentence him over his objection and indicated that he should raise this issue on appeal.  After a series of unfavorable rulings by Chief Judge Stotler, Defendant moved to disqualify her.  This motion was assigned to Judge Selna, who declined to disqualify the Chief Judge.

Defendant has now moved to disqualify Judge Selna because "he admitted the existence of the **'Trial Indictment'** used by Judge Stotler to hide her illegal Indictment Swapping Scheme."  Motion for Self -Disqualification ("Motion") 1:23-35 (emphasis in original).  Because Judge Selna's statement allegedly confirmed the existence of this document, and because Judge Selna relied on Chief Judge Stotler's Rule 29 Acquittal Opinion  in ruling on Defendant's motion to disqualify her, Defendant charges that Judge Selna is an "aider and abetter" of Chief Judge Stotler's "intentional fraud."  Mot. 3-4.

An adverse decision does not show partiality.  *See Liteky v. United States*, 510 U.S. 540, 555, 111 S. Ct. 1147 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion" and "[a]lmost invariably, . . .are proper grounds for appeal, not for recusal.")  Indeed, statements made by a judge during the course of trial, even those critical of a party or attorney, do not typically show the sort of bias or partiality required to disqualify a judge. *Id.*  The possibility of bias must be real and demonstrable, rather than "remote, contingent, indirect or speculative."  *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1996).

Incendiary allegations aside, Defendant has failed to provide any facts which would suggest to a reasonable person that either Judge is biased.  Adverse decisions do not become grounds for disqualification simply because they are dressed up as "fraud," a "scheme" or "aiding and abetting."  There is no evidence that Judge Selna and Chief Judge Stotler have conspired to harm the Defendant.  Defendant has shown no motive for them to engage in such a scheme.  However, this is precisely what section 455(a)

1 | requires.

2 |     Therefore, Defendants Motion is hereby DENIED.

3

4

5 | IT IS SO ORDERED.
  | DATED: May 14, 2008

*/s/ David O. Carter*

_____
DAVID O. CARTER
United States District Judge