James Davis Bennett, Pro Se
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

JAN 18 2011

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. SA CR 03-25(B)AHS |
| Plaintiff, ) | DEFENDANT'S MOTION TO CORRECT THE COURT'S JUDGMENT AND PROBATION/COMMITMENT ORDER AND THE PROBATION OFFICER'S PRESENTENCE REPORT; FRCRP'S RULE 36 |
| vs. ) | |
| JAMES DAVIS BENNETT, ) | |
| Defendant. ) | |

1. Rule 36 of the Federal Rules of Criminal Procedures provides for the correction of clerical errors which occur and are identified within the Court's Records.

2. While the general rule is that the records and decrees of the court cannot be altered after the term, there is a well-recognized exception in the case of mere clerical errors. <u>United States vs Kaye</u>, 739 F.2d 488, 491(9th Cir. 1984 quoting <u>Rupinski v. United States</u>, 4 F.2d 17, 18(6th Cir. 1925)).

3. In the case before the Court, we clearly have three clerical errors which appear on the face of the Court's Judgment and Probation/Commitment Order in addition to those within the Probation Officer's Presentence Report which coincide with the Court's order.

-1-

4. The Probation/Commitment Order clearly makes reference to a Second Superseding Indictment as support for the order and its directives (exhibit A). This is impossible because the record transcripts are unambiguous and absolutely prove that the Court never intended to nor did it ever submit the Second Superseding Indictment for jury deliberations. The following colloquy from the December 15, 2005 transcripts on page 59, lines 3 through 19 proves it was never Judge Alicemarie H. Stotler's intention to present the Second Superseding Indictment for jury deliberations:

**Judge Stotler:** All right. Let's take a look at this verdict form that came back to us that has the counts grouped one to four, five to ten and then count twelve, the general verdict, which I know defendant's objection is preserved, too. Anything else that the parties want to add about this verdict? I'm about to part with in and give it to the clerk. (pause.) The Clerk simply points out that you are referencing a Second Superseding Indictment that is not going to be before the jury. I have modified the jury instructions to make it clear that when we reference the Second--when we say "Indictment," we are referencing the Second Superseding Indictment, but that is not what is actually going to be in front of the jury... Mr. Sagel, was there anything you wanted to add?(exhibit A page 60, line 1).

**US Attorney Sagel:** No. Actually, your courtroom deputy[clerk] makes a good point. I would propose everywhere I had it as "Second Superseding Indictment," I added the word "Trial." (exhibit A page 60, lines 2-5)

**Judge Stotler:** No, you are not going to do that. I'm not going to have a jury returning verdicts on some nonexistent document. There is no such thing as a Trial Indictment. (exhibit A page 60, lines 6-10)

The next colloquy from the January 4, 2006 transcripts on page 3, lines 3-11 proves that Judge Stotler submitted the Trial Indictment for jury deliberations instead of the Second Superseding Indictment as is represented in her Judgment and Probation/Commitment Order as well as the Probation Officer's Presenting Report:

1. **Judge Stotler:** We are resuming in the matter United States versus Bennett. We have all jurors, Defendant, counsel. An we resume the instruction of the jury. And members of the jury, I do assure you that a copy of my instructions will be supplied to you in the jury room, what we covered yesterday and what we cover today. The **Second Superseding Indictment** referred--excuse me, submitted to you as the **Trial indictment** ...(exhibit A)

    5. The above proves that Judge Stotler's Judgment and Probation/Commitment Order has a clerical error because it is supported by the **Second Superseding Indictment** instead of the **Trial Indictment** which was used by the jury for its deliberations. We herein request that this is corrected in both the Judgment Order as well as the Presentencing Report prior to resentencing on January 21, 2011.

    6. Also, the Probation/Commitment Order clearly identifies Chase Manhattan as the victim in Count of Conviction One and Equicredit as the victim in Count of Conviction Two (exhibit B). This too is absolutely impossible because, as exhibit B clearly proves, the Grand Jury alleged that in count one the crime victim was CIT Group and in count two the crime victim was Mortgage Portfolio Services. We would also request that this is corrected in both the Judgment Order as well as the Presentencing Report prior to resentencing on January 21, 2011.

    7. Finally, Probation Officer-Wendy Shorr-stated "Information pertinent to the offense was obtained from the **Indictment**; the investigative reports of the Federal Bureau of Investigion(FBI) and statments made by the Assistant United States Attorney(AUSA), and case agent(CA)." (see Presentence Report paragraph 15).

//

8. The **Indictment** referenced by Wendy Shorr-Probation Officer who prepared the Presentencing Report-is inconsistent with the **Second Superseding Indictment** which Ms Shorr claims to have extracted her information because in the report's paragraphs 44-45 she lists some 32 victims when the **Second Superseding Indictment** only lists 11. We would also request that this is corrected in the Presentencing Report prior to resentencing on January 21, 2011.

9. The above requests are consistent with U.S. Sentencing Guidelines Manual § 6A1.3(a); therefore, this motion seeks to have the Probation's investigation (Rule 32(c)(1)) complete and the Court's clerical errors resolved by the January 21, 2011 hearing date.

Dated this 4th day of January 2011,

By: _____
James Davis Bennett
P.O. Box 675733
Rancho Santa Fe, Ca. 92067

//
//
//

# CERTIFICATE OF SERVICE

**CASE NAME:** United States of America vs James Davis Bennett

**CASE NUMBER:** SA CR 03-25(B)AHS

I certify that I've served the Defendant's Motion to Correct the Court's Judgment and Probation/Commitment Order on the parties listed below in a manner described:

| PARTY SERVED | METHOD OF SERVICE | DATE SERVED |
|---|---|---|
| Attn: Brett A. Sagel<br>US Attorney's Office<br>411 West Fourth Strett #8000<br>Santa Ana, Ca. 92701 | U.S. Mail | 1·10·2011 |
| Attn: Wendy Shore/Supervisor<br>United States Probation Dept.<br>411 West Fourth Street<br>Santa Ana, Ca 92701 | U.S. Mail | 1·10·2011 |

_____
James Davis Bennett

1·10·2011
Date

# EXHIBIT A

United States District Court
Central District of California

| UNITED STATES OF AMERICA vs. | Docket No. | SA CR 03-25(B)-AHS |
|---|---|---|
| Defendant    JAMES DAVIS BENNETT | Social Security No. | 7 5 8 4 |
| James Butler Bennett; Jim Bennett; James Bennet, Jr.; James Butler Bennet; James Butler; Ralph Leon James Bennett; James David Bennett; James Davis Bennet; James Brown; akas:    John Butler | (Last 4 digits) | |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| OCT. | 06 | 2006 |

**COUNSEL** [X] WITH COUNSEL      In Pro Se
(Name of Counsel)

**PLEA** [ ] GUILTY, and the court being satisfied that there is a factual basis for the plea. [ ] NOLO CONTENDERE [ ] NOT GUILTY

**FINDING** There being a finding/verdict of [X] GUILTY, defendant has been convicted as charged of the offense(s) of:
Wire Fraud, Aiding and Abetting in violation of 18 USC §§ 1343, 2(b) as charged in Counts 1 through 4 of the Second Superseding Indictment; Bank Fraud, Aiding and Abetting in violation of 18 USC §§ 1344, 2(b) as charged in Counts 5 through 10 of the Second Superseding Indictment

**JUDGMENT AND PROB/ COMM ORDER** The Court asked whether defendant had anything to say why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

One hundred and twenty-one (121) months on Counts 1-10 of the Second Superseding Indictment. This term consists of sixty (60) months on each of Counts 1-4 and one hundred and twenty-one (121) months on each of Counts 5-10 of the Second Superseding Indictment, all to be served concurrently.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment of $1,000.00, which is due immediately.

IT IS FURTHER ORDERED that the defendant shall pay restitution in the total amount of $751,050.00 pursuant to 18 U.S.C. § 3663A. The amount of restitution ordered shall be paid forthwith as follows:

| Victim | Amount | Count of Conviction |
|---|---|---|
| Chase Manhattan (CIT Group) | $ 90,000.00 | Count 1 |
| Equicredit A Division of Bank of America | $ 88,750.00 | Count 2 |
| Flagstar Bank | $493,014.00 | Counts 5, 6, 7 |
| Greenpoint Mortgage | $ 79,285.00 | Count 3 |

```
 1   GOVERNMENT'S ARGUMENT REGARDING COUNT TWELVE, THE THEORIES
 2   WE SHOULD BE PERMITTED TO ARGUE.
 3          THE COURT:  ALL RIGHT.  LET'S TAKE A LOOK AT THIS
 4   VERDICT FORM THAT CAME BACK TO US THAT HAS THE COUNTS
 5   GROUPED ONE TO FOUR, FIVE TO TEN AND THEN COUNT TWELVE, THE
 6   GENERAL VERDICT, WHICH I KNOW DEFENDANT'S OBJECTION IS
 7   PRESERVED, TOO.
 8          ANYTHING ELSE THAT THE PARTIES WANT TO ADD ABOUT
 9   THIS VERDICT?
10          I'M ABOUT TO PART WITH IT AND GIVE IT TO THE
11   CLERK.
12       (PAUSE.)
13          THE COURT:  THE CLERK SIMPLY POINTS OUT THAT YOU
14   ARE REFERENCING A SECOND SUPERSEDING INDICTMENT THAT IS NOT
15   GOING TO BE BEFORE THE JURY.  I HAVE MODIFIED THE JURY
16   INSTRUCTIONS TO MAKE IT CLEAR THAT WHEN WE REFERENCE THE
17   SECOND -- WHEN WE SAY "INDICTMENT," WE ARE REFERENCING THE
18   SECOND SUPERSEDING INDICTMENT, BUT THAT IS NOT WHAT IS
19   ACTUALLY GOING TO BE IN FRONT OF THE JURY.  I DON'T KNOW IF
20   THAT'S A PROBLEM OR NOT.  BUT OTHER THAN THAT, HOW ABOUT THE
21   VERDICT FORM WITH DEFENDANT'S SIDE?
22          ANYTHING ELSE TO BE ADDED BY WAY OF OBJECTION TO
23   THIS CURRENT VERSION?
24          MR. MEZA:  NO, YOUR HONOR.
25          THE COURT:  ALL RIGHT.  THANK YOU.
```

1    MR. SAGEL, WAS THERE ANYTHING YOU WANTED TO ADD?
2    MR. SAGEL: NO. ACTUALLY, YOUR COURTROOM DEPUTY
3 MAKES A GOOD POINT. I WOULD PROPOSE EVERYWHERE WHERE I HAD
4 IT AS "SECOND SUPERSEDING INDICTMENT," I ADDED THE WORD
5 "TRIAL."
6    THE COURT: NO, YOU ARE NOT GOING TO DO THAT. I'M
7 NOT GOING TO HAVE A JURY RETURNING VERDICTS ON SOME
8 NONEXISTENT DOCUMENT. THERE IS NO SUCH THING AS A TRIAL
9 INDICTMENT. SO YOU CAN EITHER HAVE YOUR DEMONSTRATIVE TRIAL
10 INDICTMENT. I'LL CALL IT A TRIAL EXHIBIT OF THE SECOND
11 SUPERSEDING INDICTMENT. I DON'T CARE WHAT YOU WANT TO DO.
12    MR. SAGEL: THEN, I'M A LITTLE CONFUSED. ARE YOU
13 IN YOUR INSTRUCTIONS -- AND I JUST SAW IT IN YOUR TENTATIVE.
14    ARE YOU USING THE WORD "SECOND SUPERSEDING
15 INDICTMENT"?
16    THE COURT: ONLY ONCE.
17    MR. SAGEL: OKAY. I THOUGHT IT WAS SAYING YOU
18 WERE REPLACING THAT ONE. IF THAT'S THE CASE, THEN I'M FINE
19 WITH IT.
20    THE COURT: NO. IN THE FIFTH INSTRUCTION PROPOSED
21 BY THE GOVERNMENT, I'M JUST MAKING IT CLEAR THAT THE SECOND
22 SUPERSEDING INDICTMENT REFERRED TO AS "INDICTMENT IN THESE
23 INSTRUCTIONS" -- AND THEN I DON'T HAVE TO GO THROUGH SECOND
24 SUPERSEDING INDICTMENT EVERY TIME I SAY THE WORD
25 "INDICTMENT" IN THE JURY INSTRUCTIONS.

DATE 1/4/06

3

1   SANTA ANA, CALIFORNIA; WEDNESDAY, JANUARY 4, 2006; 9:00 A.M.
2                                    -oOo-
3           THE COURT: WE ARE RESUMING IN THE MATTER *UNITED*
4   *STATES VERSUS BENNETT*.
5           WE HAVE ALL JURORS, DEFENDANT, COUNSEL. AND WE
6   RESUME THE INSTRUCTION OF THE JURY.
7           AND MEMBERS OF THE JURY, I DO ASSURE YOU THAT A
8   COPY OF MY INSTRUCTIONS WILL BE SUPPLIED TO YOU IN THE JURY
9   ROOM, WHAT WE COVERED YESTERDAY AND WHAT WE COVER TODAY.

Due order ⇒

10          THE SECOND SUPERSEDING INDICTMENT REFERRED --
11  EXCUSE ME, SUBMITTED TO YOU AS THE TRIAL INDICTMENT AND
12  REFERRED TO IN MY INSTRUCTIONS AS THE INDICTMENT CHARGES
13  THAT THE OFFENSES ALLEGED WERE COMMITTED ON OR ABOUT A
14  CERTAIN DATE. ALTHOUGH IT IS NECESSARY FOR THE GOVERNMENT
15  TO PROVE BEYOND A REASONABLE DOUBT THAT THE OFFENSES WERE
16  COMMITTED ON A DATE REASONABLY NEAR THE DATE ALLEGED IN THE
17  INDICTMENT, IT IS NOT NECESSARY FOR THE GOVERNMENT TO PROVE
18  THAT THE OFFENSE WAS COMMITTED PRECISELY ON THE DATE
19  CHARGED.
20          THE EVIDENCE IN WHICH YOU ARE TO DECIDE WHAT THE
21  FACTS ARE CONSISTS OF THE SWORN TESTIMONY OF ANY WITNESS,
22  THE EXHIBITS WHICH HAVE BEEN RECEIVED INTO EVIDENCE AND ANY
23  FACTS AS TO WHICH ALL THE LAWYERS MAY HAVE STIPULATED.
24          SOME EVIDENCE DURING TRIAL MAY HAVE BEEN ADMITTED
25  FOR A LIMITED PURPOSE ONLY. IF I INSTRUCTED YOU THAT AN

*DEBORAH D. PARKER, U.S. COURT REPORTER*

**EXHIBIT B**

schemers received fees, commissions and profits.

8. Within months of the resale of the residential properties, the straw buyers typically defaulted on the loan payments, leaving mortgage lenders with losses in excess of $1,000,000.

THE WIRINGS

9. On or about the dates set forth below, in the Central District of California and elsewhere, for the purpose of executing the above-described scheme to defraud and attempting to do so, Defendant BENNETT, Rogers, Simon, Ibarra, Garcia, and others caused to be transmitted in interstate commerce by wire communications the following wire transfers from mortgage lenders' accounts outside California to title insurance company and escrow accounts in California.

| Count | Date | Funds Wired |
|---|---|---|
| One | 7/27/99 | The CIT Group's $270,000 mortgage loan for the purchase of 2612 Griffith Avenue, Los Angeles, California |
| Two | 10/14/99 | Mortgage Portfolio Services' $233,750 mortgage loan for the purchase of 760 East 43rd Place, Los Angeles, California |
| Three | 3/1/00 | Greenpoint Mortgage Funding, Inc.'s $225,250 mortgage loan for the purchase of 615 West Imperial Highway, Los Angeles, California |
| Four | 2/27/01 | Laguna Capital Mortgage Corporation's $248,000 mortgage loan for the purchase of 860 Cerritos Avenue, Long Beach, California |

4



James Davis Bennett/Reg#32589-112
FCI Safford
Federal Correctional Institution
P.O. Box 9000
Safford, AZ 85548

CERTIFIED MAIL

7009 1680 0000 3702 6353



JAN 13 2011

⇔32589-112⇔
District Court Judge
Attn: Audrey Collins
312 North Spring Street
Los Angeles, CA - 90012
United States